Robb, J., dissenting.
{¶ 47} I respectfully dissent because I disagree with the majority's conclusion that a cause of action for professional negligence against an insurance agency accrues on the date the policy is issued. "To establish actionable negligence, one must show * * * the existence of a duty, a breach of that duty and injury resulting proximately therefrom." (Emphasis added.) Mussivand v. David , 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). Until there is "actionable negligence," the statute of limitations should not begin to run. Allowing the statute of limitations to start running on the date of the breach of duty is equivalent to promulgating a rule that automatically attributes an injury when a duty has not been fulfilled. A cause of action does not accrue until there is a discernible injury proximately caused by the breach of duty. Here, the cause of action accrued on *528 the date of the denial of the claim, i.e., when there was an injury proximately caused by the agency's failure to meet its duty. Being uninsured is not in itself an injury; instead, it merely exposes the uninsured to a risk of injury. Therefore, the complaint was filed within the statute of limitations and should not have been dismissed on those grounds.
O'Neill, J., concurs in the foregoing opinion.